JOSEPH C. TUCKER *vs.* JOHN A. MORRILL & others.

There is no legal presumption in favor of an indorsee of a promissory note, the signatures to which were procured by fraud; but he must prove himself to be a *bona fide* holder for a valuable consideration.

CONTRACT by an indorsee against the maker and indorsers of a promissory note. At the trial in the superior court, the defendants admitted their signatures, and introduced evidence to show that they were induced to give the note by false and fraudulent representations of one Augustus, to whom they gave it, and that it was without consideration; and *Morton,* J., ruled that, in the absence of evidence to show that the plaintiff was a party to or had notice of the fraud, he was entitled to a verdict; and the jury found for him accordingly. The defendants alleged exceptions.

*G. O. Shattuck,* for the defendants.

No counsel appeared for the plaintiff.

CHAPMAN, J. In the case of *Sistermans* v. *Field,* 9 Gray, 331, the law is stated to be that, upon proof that a note is founded in illegality, or was obtained or put in circulation fraudulently, an indorsee, before he can recover in a suit upon it, must show that he gave value for it, and that it is not first incumbent on the defendant to show the contrary; and the authorities on the subject are cited. The exceptions in this case must therefore be sustained. It is to be observed, however, that this rule is applicable only to cases where illegality or fraud is in issue; and not to cases where the ground of defence is merely a want or a failure of the consideration. *Exceptions sustained.*